812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Phillip GARDNER; Phyllis F. Gardner, individually and as
Parents and Natural Guardians of Gardner, Phillip,
II, Plaintiffs-Appellants,
v.
BORDEN, INC., Defendant-Appellee,
and
Rapco Inc.; Rapco Form Inc.; Celsius Insulation, Celsius
Insulation Resources Inc.; Aerolite Spe Corp.; Imperial
Coating and Chemicals, Inc.; Technical Resins, Inc.; CIBA;
Geigy (UK) LTD.; Insulmaster Corporation; Chemicals Inc.;
Ashland Oil Corporation; Monsanto Company; Allied
Chemical Corp.; Scientific Applications, Defendants.
 No. 86-2148.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1986.
Decided Feb. 26, 1987.
 
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 Richard James Lippes, Allen, Lippes & Shonn; Ray Edmond Ratliff, Jr., Kaufman & Ratliff, for appellants.
 Michael W. Davis, Sidley & Austin; Robert L. Elkins, for appellee.
 PER CURIAM:
 
 
 1
 Phillip and Phyllis Gardner filed a suit against fourteen urea-formaldehyde manufacturers and requested certification for a class action. When certification was denied, several defendants made motions to be dismissed. These defendants argued that once class action certification was denied, the Gardners could only maintain an action against Borden, the individual manufacturer responsible for the urea-formaldehyde in the Gardners' home. Five defendants were dismissed from the action. One of these defendants, C.P. Chemical, had filed a cross-claim which was left unresolved. Summary judgment was then granted for Borden; however, the court failed to rule on the eight remaining defendants. The plaintiffs filed a notice of appeal and a motion to remand the case to the district court for consideration of a Fed.R.Civ.P. 60(b) motion. We have no jurisdiction to entertain this appeal.
 
 
 2
 This Court has jurisdiction from all final decisions of the district court. See 28 U.S.C. Sec. 1291. Adjudication of fewer than all of the claims or the rights and liabilities of fewer than all the parties is not a final judgment. See Fed.R.Civ.P. 54(b). In this case, we have an unresolved cross-claim and no disposition as to eight defendants. Although our decision necessitates a technical application of Rule 54(b), "to read 'practicalities' into the already plain language of Rule 54(b) would only foster uncertainty in an area of the law that must remain clear." Owens v. Aetna Life & Casualty Co., 654 F.2d 218, 220 n. 2 (3d Cir.), cert. denied, 454 U.S. 1092 (1981). Thus, the appeal is dismissed for lack of jurisdiction. In view of this disposition, we need not address the Gardners' motion to remand the case for a ruling on their motion for relief from the summary judgment entered in favor of Borden.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 4
 DISMISSED.